# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| VONTRESSA DENNIS, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION FILE |
| | § | NO: 7:14-CV-00132-HL |
| D&F EQUIPMENT SALES, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING
MEDICAL BILLS IN EXCESS OF
THE GEORGIA WORKERS COMPENSATION FEE SCHEDULE**

COMES NOW Defendant and submits this supplemental brief in support of Section 5 of its Motion in Limine filed June 8, 2016.

## I.     ARGUMENT AND CITATION OF AUTHORITY

Where medical expenses must be reasonable <u>and</u> necessary, and where the purpose of damages is to make a plaintiff whole and place him in the position he was in before the accident, it would be unjust to allow Plaintiff to mislead the jury with "evidence" of medical bills that were never incurred, never charged, never paid and never recoverable under any circumstances under Georgia law.

Ms. Dennis was injured on the job and her employer Sanderson Farms was liable for and did pay benefits under workers compensation, including payment of all medical bills for treatment related to the accident, which are an element of her damages in this tort lawsuit. Georgia law provides that the State Board of Workers

Compensation shall publish a Fee Schedule, a list by geographical location of usual, customary, and reasonable charges for fees of physicians, charges of hospitals, and charges for prescription drugs. O.C.G.A. § 34-9-205. "Fees within this list shall be presumed reasonable. No physician or hospital or medical supplier shall bill the employee for authorized medical treatment." That they cannot bill the employee for the treatment at all, obviously means they cannot bill the employee or employer for any charges in excess of the fee schedule. O.C.G.A. § 34-9-203; Cf. Joseph M. Still Burn Centers, Inc. v AmFed Nat. Ins. Co., 702 F.Supp2d (S.D.Ga. 2010).

Under Georgia law, physicians and health care providers cannot charge in excess of the approved amount when treating a patient under Georgia's Workers' Compensation system. O.C.G.A. § 34-9-203, O.C.G.A. § 34-9-205; see generally, Smart Professional Photocopy Cmp. v. Dixon, 216 Ga. App. 825 (1995), Mullis v. NC-MGH, 218 Ga. App. 332 (1995). It is illegal for them to attempt to recover from the patient, or any other source, for amounts over the Fee Schedule. Id.

## A. This Relief Sought Does Not Violate The Collateral Source Rule

### 1. Defendant does not seek to inform jurors that a collateral source has made payments

This motion does not seek an Order allowing defendant to inform jurors of collateral source payments. There is no dispute that in Georgia an injured Plaintiff is entitled to recover as damages the total amount of medical expenses incurred in

connection with the treatment of the injury caused by a Defendant's negligence. See O.C.G.A. § 24-7-9. The Plaintiff has the burden of proving these special damages to a reasonable certainty. Whitley v. Ditta, 209 Ga. App. 553 (1993). In addition, Georgia law requires proof that the medical expenses are reasonable and necessary before they are recoverable. Allen v. Spiker, 301 Ga. App. 893, 896 (2009) (quoting Barnes v. Cornett, 134 Ga. App. 120, 120-21 (1975)); see also Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. I: Civil Cases, § 66.040 (5th ed. 2007) ("In all cases, necessary expenses resulting from the injury are a legitimate item of damages. As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.")

This rule includes payments made in accordance with Georgia's Workers' Compensation laws. See, Southern Ry. Co. v. Hand, 216 Ga. App. 370 (1995); Mixon v. Lovett, 122 Ga. App. 517, 518 (1970). Defendant in this case does not seek to take advantage of collateral source payments. Rather, defendant maintains that plaintiff should be precluded from introducing evidence and arguing at trial that her medical expenses are greater than the amounts actually charged to and paid by the employer Sanderson Farms, or any other collateral source payer. That the actual chargeable and payable medical expense was lower than some amount that a medical provider wishes it could charge is not a damage to plaintiff and in no way

Page 3

involves evidence of a collateral payment. Defendant is simply asking the Court to prohibit Plaintiff from arguing that her medical expenses were any higher than they actually were.

The fact that a physician or health care provider is not permitted to charge a higher amount than he might wish to charge for treating a patient under Georgia's Workers' Compensation system is not a collateral source benefit to that patient. Olariu v. Marrero, 248 Ga. App. 824 (2001) held that a plaintiff could not recover for medical expenses discharged in a bankruptcy proceeding for which the plaintiff became no longer liable. The same logic applies in this case. In this case, the Plaintiff is not liable for any medical charges in excess of what was deemed reasonable by the legislature. This is not an issue of someone else paying reasonably incurred bills. The court in Olariu held that the effects of bankruptcy were not a collateral source benefit, stating: "There is no third party acting as an additional source of recovery. Debts in bankruptcy become unrecoverable by operation of law." Id. at 826. The same is true here - there is no third party acting as an additional source of recovery or payment. Thus, plaintiff should not be allowed to claim uncharged or uncollectable medical expenses as damages because there is no liability for plaintiff to ever pay the charges.

### 2.    Defendant does not seek to prohibit Plaintiff from advising jurors of her actual medical expenses

Plaintiff may argue that Defendants seek to violate the collateral source rule by requesting that this Court allow Defendants to inform the jury that plaintiff never actually incurred those charges and will never have to pay those charges. This is not the purpose of the motion. In regard to the actual medical expenses actually paid either by Plaintiff or her employer, Defendant agrees that the Plaintiff may present those charges as her medical damages.

Part 5 of Defendant's Motion in Limine does not seek to place any limits on Plaintiff's ability to inform the jury of the medical expenses actually incurred and payable. A hypothetical -- if a medical provider's price list publishes $1000 for a particular service, but where the provider actually charges only $700 for that service per the statutory scheme, then the Plaintiff should not be allowed to argue that her damages amount to $1000. Such an argument would not be the truth. Moreover, where the medical provider is bound by and agrees to accept the statutory fee schedule, any higher amount is not "necessary" meaning the $1000 published price was not a necessary medical expense. In truth in that hypothetical, only $700 was reasonable or necessary for the treatment.

**B.     To Recover, Medical Damages Must Be Reasonable And Necessary**

For a plaintiff to recover medical expenses, the expense must be reasonable **and** necessary. The conjunctive "and" requires that the Plaintiff prove both elements. "The law requires proof that the medical expenses arose from the injury sustained, and that they are reasonable and necessary before they are recoverable." Allen v. Spiker, 301 Ga.App. 893, 896 (2009), quoting Barnes v Cornett, 134 Ga. App. 120 (1975). "In all cases, **necessary** expenses consequent upon an injury are a legitimate item in the estimate of damages. O.C.G.A. §51-12-7. (emphasis added). Webster's Dictionary defines "necessary" as "absolutely needed; required."

A medical provider could publish a rate of $1 million for a simple five minute office visit. A jury might determine whether that published rate is "reasonable." But if the doctor is bound by law to provide the service for only $75.00, then as a matter of law the $1 million charge is not necessary. Obviously, where plaintiff received medical care and services for an amount lower than the provider's published rates, the higher amount was not "necessary" because plaintiff received the care for a lower rate. The Court and then the jury need not even examine whether the higher published rate was reasonable in this case because we know it was not necessary.

Plaintiff may cite to <u>Bennett v. Haley</u>, 132 Ga.App. 512  (1974). In that case, the defendant sought to advise jurors that Medicaid had paid Plaintiff's medical bills. Thus, the <u>Bennett</u> defendant wanted to advise jurors that a collateral source had paid the bills. The Court correctly held that the jury would not hear that a collateral source made the payments. At the same time, however, the <u>Bennett</u> Court did not hold that the plaintiff could advise the jury that his damages were higher than the amounts actually paid.

Plaintiff may also cite to Judge Land's decision in <u>Mallette v. Nash</u>, 2011 WL 720201 (M.D. Ga. 2011). In that case, the defendant sought to introduce evidence of a discounted payment plan between the doctor and plaintiff's insurance company for future medical treatment. Judge Land emphasized the "future" nature of the plan in finding that evidence of the plan would not be allowed. Judge Land also found that the jury would be aware that the payments would be made by a collateral source if the jury was allowed to hear about the payment plan between the doctor and the insurance company. (<u>Cf</u>., <u>Olariu v. Marrero</u>, 248 Ga. App. 824 (2001) (excluding any reference to fact that hospital agreed to write-off of plaintiff's medical bill but determining that a set-off would be appropriate).  In this case, Defendant is not seeking to introduce a payment plan between the doctor and the insurance company for future medical expenses. The present motion addresses only past medical expenses. Moreover, <u>Mallette</u> did not involve a statutorily set fee

schedule as is at issue in this case. Here, where the fee schedule is set by statute, it is reasonable as a matter of law. Here, where the fees are set by schedule, a higher medical payment is not "necessary."

## C.    Damages Under Georgia Law

The purpose of damages is to place an injured party in the same position as it would have been in had there been no injury or breach of duty, that is, to compensate for the injury **actually** sustained. (emphasis added). <u>Home Insurance Co. v. North River Insurance Co.</u> 192 Ga.App. 551, 385 S.E.2d 736 (1989). "The purpose of damages is to put the aggrieved party in the position, as near as possible, as he or she would have been without the injury or damage." <u>MCI Communications Services, Inc. v. CMES, Inc</u>.291 Ga. 461, 728 S.E.2sd 649 (2012). 'The rationale of damages, as in this case, is to compensate the plaintiff and not to unreasonably burden the defendant beyond the point of compensating the plaintiff." <u>Atlanta Recycled Fiber Co. v. Tri–Cities Steel Co</u>., 152 Ga.App. 259, 265, 262 S.E.2d 554 (1979). In a negligence action, "an out-of-pocket measure of damages is commensurate with the culpability of the tortfeasor, who acted negligently, rather than intentionally or maliciously. "<u>BDO Seidman v. Mindis Acquisition Corp.</u>, 276 Ga. 311, 312(1), 578 S.E.2d 400 (2003).

Applying these principles to the case at hand, the actual, out-of-pocket expenses should be honestly presented so that the Plaintiff is made whole, not so

that he can obtain a maximized recovery based on inaccurate and misleading information.

## II.    CONCLUSION

Defendant in this motion does not seek to inform jurors that a collateral source paid any medical expenses. Defendant does not seek to take credit for any amounts paid by any collateral source. Defendant seeks only to ensure that jurors hear the truth about the amounts that were actually reasonable and necessary for Plaintiff's medical treatment.

This 30th day of June, 2016.

DODSON & ASSOCIATES

/s/Charles R. Beans_____
Charles R. Beans
Georgia State Bar No. 006720
Attorney for Defendant

Caller Service #1808
Alpharetta GA 30023-1808
T: 678-317-7104
F: 678-317-8917
cbeans@travelers.com

## CERTIFICATE OF SERVICE AND OF FORMATTING

I hereby certify that these pleadings are in 14 point Times New Roman, and that I have this day served a copy of this Defendant's Supplemental Brief in Support of Motion in Limine, upon all counsel through the Court's CM/ECF system:

William Tinkler, Jr., Esq.
150 E Ponce de Leon Ave.
Suite 200
Decatur, GA 30030-2553

David B. Groff, Esq.
1976 East Main St.
Crown Point Plaza, Suite F
Snellville, GA 30078

Jerry A. Lumley, Esq.
6030 Lakeside Commons Drive
Macon, Georgia 31210

This 30th day of June, 2016.

DODSON & ASSOCIATES

/s/Charles R. Beans_____
Charles R. Beans
Georgia State Bar No. 006720
Attorney for Defendant

Mailing Address
Caller Service #1808
Alpharetta GA 30023-1808
T: 678-317-7104
F: 678-317-8917
cbeans@travelers.com