IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **VONTRESSA DENNIS**, <br><br> Plaintiff, <br><br> v. <br><br> **D&F EQUIPMENT SALES, INC.**, <br><br> Defendant. | Civil Action No. 7:14-CV-132 (HL) |

**ORDER**

A pretrial conference was held in this case on June 22, 2016. During the conference, Plaintiff's Motion in Limine (Doc. 45) and Defendant's Motion in Limine (Doc. 44) were heard. The Court enters the following order on these motions.

**I.   PLAINTIFF'S MOTION IN LIMINE**

**A.   Testimony by John B. Holecek as to Defendant's duty to install an emergency stop device.**

Plaintiff moves the Court for an Order prohibiting Defendant's expert, John B. Holecek, from giving an opinion or otherwise testifying that Defendant had no duty to install an emergency stop device. Defendant consents to this motion, to the extent that it relates to a *legal* duty as opposed to the Occupational Safety and Health Administration ("OSHA") regulations. Plaintiff's motion is

**SUSTAINED**. Defendant's expert will not be permitted to provide an opinion or to otherwise testify as to Defendant's duty under the law.

### B. Evidence as to Nonparty Fault or Apportionment

Plaintiff moves to exclude evidence of nonparty fault and asks the Court to prohibit Defendant from seeking to apportion damages to nonparties. Plaintiff argues that Defendant failed to provide notice of nonparty fault in a pleading and failed to assert nonparty fault in a timely manner. Further, Plaintiff avers that Defendant has failed to produce evidence sufficient for a finding of nonparty fault. The Court agrees that Defendant's notice of nonparty fault with respect to Knight's Electric[1] failed to provide an adequate statement of the basis for believing Knight's Electric was at fault. However, Defendant's notice of nonparty fault with respect to Sanderson Farms was sufficient.

Plaintiff also contends that the apportionment statute, OCGA § 51-12-33, is inapplicable because this action is only against one defendant. Plaintiff argues that the apportionment statute only applies "[w]here an action is brought against more than one person. . . ." OCGA § 51-12-33(b). Plaintiff submitted a Trial Brief (Doc. 54) on this issue, to which Defendant responded (Doc. 55). Plaintiff

---

[1] Defendant provided the following notice of nonparty fault for Knight's Electric:

> "2. Knight's Electric, 105 Circle Rd, Moultrie, GA 31768, (229) 985-0724. This was the electrical contractor hired by Sanderson Farms to supply power and controls to the vertical conveyor."

2

relies on Alston & Bird, LLP v. Hatcher Management Holdings[2]. In Alston & Bird, the trial court struck Alston & Bird's notice of nonparty fault, holding that the apportionment statute was inapplicable in cases involving a single defendant. In a substitute opinion, the Georgia Court of Appeals held that the trial court erred in striking the notice of nonparty fault. The Court acknowledged that OCGA § 51-12-33(b) clearly and unambiguously limits apportionment of damages to cases "[w]here an action is brought against more than one person . . . ." However, the Court of Appeals explained that the issue presented involved apportioning *fault*, not damages. The trier of fact could properly assign fault to a nonparty pursuant to OCGA § 51-12-33(c).[3]

Here, as in Alston & Bird, Defendant's notice of nonparty fault concerns the apportionment of fault, not damages. Specifically, the Notice states: "Pursuant to OCGA § 51-12-33(c), Defendant provides this notice and requests the Court to instruct the trier of fact, in assessing percentages of fault, to consider the fault of the following non-party entity which contributed to the injuries and damages alleged in Plaintiffs' [sic] Complaint." (Def.'s Notice of Non-Party Fault, Doc. 30). Thus, the Court holds that, to the extent Defendant can prove that Sanderson

---

[2] Case No. A15A1677 (Ga. Ct. App. Mar. 1, 2016)

[3] OCGA § 51-12-33(c) states: "In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit."

Farms breached a legal duty in tort that it owed Plaintiff, the breach of which is a proximate cause of the injury that Plaintiff sustained, the trier of fact in this case may be permitted under OCGA § 51-12-33(c) to assign fault to Sanderson Farms. See Zaldivar v. Pritchett, 774 S.E.2d 688, 699 (Ga. 2015). Plaintiff's motion is **SUSTAINED** as to nonparty Knight's Electric and **OVERRULED** as to nonparty Sanderson Farms.

## II.     DEFENDANT'S MOTION IN LIMINE

### A.     OSHA's applicability to Defendant

Defendant moves for a ruling that the regulations promulgated by OSHA do not apply to Defendant, a manufacturer. Plaintiff counters that, while OSHA does not apply to manufacturers, the regulations are relevant to the issues presented in this case, because "Defendant's failure to provide an OSHA-compliant DFM500 provides grounds for Plaintiff's strict liability and negligence claims." (Pl.'s Resp. to Def.'s Mot. in Limine, Doc. 46, p. 2). Because Plaintiff concedes that OSHA does not apply to manufacturers, such as Defendant, this motion is **SUSTAINED**. The Court **RESERVES** ruling on any objections to the relevance of OSHA regulations.

### B.     Evidence that Defendant was Stubbornly Litigious and that Plaintiff is Entitled to Attorney's Fees

Defendant moves the Court to exclude testimony that Defendant "has acted in bad faith, been stubbornly litigious, and has put Plaintiff to unnecessary

4

trouble and expense, authorizing an award of Plaintiff's expenses of litigation, including attorney's fees." (Def.'s Mot. in Limine, Doc. 44, p. 3). The Court **RESERVES** ruling.

### C.  Evidence Regarding Settlement Discussions

The parties consent to this motion. It is **SUSTAINED**.

### D.  Evidence Regarding Insurance Coverage

Defendant moves the Court to exclude evidence of the existence of insurance coverage, including in voir dire and the charge to the jury. With respect to the jury charge, Defendant moves to exclude a portion of Plaintiff's Request to Charge No. 1, which explains the factors the jury must consider in determining whether the manufacturer acted reasonably in choosing a particular product design. The relevant portion, factor (8), states, "8) the feasibility of spreading any increased cost through the product's price or by purchasing insurance." (Pl.'s Request to Charge No. 1, Doc. 36, p. 32). Plaintiff verbally withdrew factor (8) from the proposed jury charge at the pre-trial conference. Thus, this portion of Defendant's Motion in Limine is resolved. With respect to other evidence of the existence of insurance coverage, including during voir dire, the Court **RESERVES** ruling.

### E. Evidence of Medical Bills in Excess of What a Medical Provider Can Charge for a Workers' Compensation Patient

Defendant moves to exclude evidence of the "retail rates" for medical treatment endured by Plaintiff. Defendant argues that the reasonable cost of Plaintiff's medical treatment is limited to the amount paid for that treatment by Plaintiff's employer pursuant to the fee schedule promulgated by the State Board of Workers' Compensation (the "Board"). In response, Plaintiff argues that evidence of the Board's fee schedule would violate the collateral source rule, which provides that "the receipt of benefits or mitigation of loss from sources other than the defendant will not operate to diminish the plaintiff's recovery of damages." Polito v. Holland, 365 S.E.2d 273, 274 (Ga. 1988) (citation omitted). Further, Plaintiff contends that the fee schedule is inapplicable because this case is against a non-employer, and that the fee schedule is only intended as a guideline for reasonable medical expenses.

In Georgia, a personal injury plaintiff is entitled to recover the "reasonable and necessary" medical expenses arising from his or her injury. MCG Health, Inc. v. Kight, 750 S.E.2d 813, 817 (Ga. Ct. App. 2013). The Court concludes that "reasonable and necessary" medical expenses are the undiminished billed charges for the treatment rendered. In this case, the "reasonable and necessary" medical expenses were those paid by Plaintiff's employer for her treatment resulting from the injury. The Court acknowledges, however, that the collateral

6

source rule prohibits mention of the fact that these expenses were paid by Plaintiff's employer. See Hammond v. Lee, 536 S.E.2d 231, 234–35 (Ga. Ct. App. 2000) ("the trial court properly excluded prejudicial references to the fact that Hammond had received collateral source benefits from workers' compensation insurance").

Accordingly, the Court holds that the "reasonable and necessary" medical expenses in this case are those paid by Plaintiff's employer for Plaintiff's treatment arising from her injury, not the "retail rates" for the treatment.  The Parties may choose to present evidence of these expenses in the method of their choosing.  However, the Court rules in limine that any evidence to the effect that Plaintiff's medical expenses were paid by her employer due to workers' compensation insurance or that rates for Plaintiff's medical expenses were reduced pursuant to the Board's fee schedule would violate the collateral source rule and is therefore inadmissible.  Defendant's motion is **SUSTAINED IN PART** and **OVERRULED IN PART**.

    **F.**    **Evidence of Financial Condition**

The parties consent to this motion. It is **SUSTAINED**.

    **G.**    **Evidence of Plaintiff's Worldly Circumstances and Inability to Pay for Medical Treatment**

The parties consent to this motion. It is **SUSTAINED**.

7

**H.     Any Expression by Plaintiff's Attorney of His Opinion as to the Credibility of a Witness or as to the Merits of Plaintiff's Claims**

The parties consent to this motion. It is **SUSTAINED**.

**I.     Any Reference to Plaintiff's Requirement to Pay Attorney's Fees**

The parties consent to this motion. It is **SUSTAINED**.

**J.     Any Reference to Pretrial Discovery or Litigation Disputes**

The parties consent to this motion. It is **SUSTAINED**.

**K.     Any Demand for Items in Possession of Defendant**

The parties consent to this motion. It is **SUSTAINED**.

**L.     "Send a Message" Arguments**

The parties consent to this motion. It is **SUSTAINED**.

**M.     Invoking the Rule of Sequestration**

The parties consent to this motion. It is **SUSTAINED**.

**N.     Reports Regarding any Prior or Subsequent Dissimilar Incident**

The parties consent to this motion. It is **SUSTAINED**.

**O.     Any Comparison of this Case to Other Claims, Cases, Injuries, Settlements or Verdicts**

The parties consent to this motion. It is **SUSTAINED**.

**P.     Any Improper Lines of Questioning in the Presence of the Jury, Including Voir Dire**

Defendant moves the Court for an Order instructing Plaintiff's counsel to refrain from asking improper and prejudicial questions to the jury on voir dire and

to refrain from certain comments in opening statements to the jury. Specifically, Defendant asks that Plaintiff not be permitted to ask hypothetical questions causing prospective jurors to prejudge the evidence, or to comment on or question regarding a possible award of damages. The Court **RESERVES** ruling.

**Q.    Medical Opinions by Plaintiff and Lay Witnesses**

The parties consent to this motion. It is **SUSTAINED**.

**R.    Lay Testimony Concerning Future Medical Expenses**

The parties consent to this motion. It is **SUSTAINED**.

**S.    Lay Testimony as to any Alleged Permanent Injury**

The parties consent to this motion. It is **SUSTAINED**.

**T.    Testimony Regarding "Anxiety" About Payment of Medical Bills; Testimony Regarding Inability to Treat or Reductions in Treatment Due to Financial Concerns**

The parties consent to this motion. It is **SUSTAINED**.

**U.    Conduct of Defendant After the Incident**

The parties consent to this motion. It is **SUSTAINED**.

**V.    Argument that the Jury Should Disregard the Apportionment Statute, that the Jury Should Nullify the Apportionment Statute, or that the Jury Should Consider the Apportionment Statute a "Reduction of the Plaintiff's Damages"**

Defendant moves to exclude any argument by Plaintiff's counsel that is "designed to steer the jury towards any considerations other than the allocation of fault of the parties and the correctly-designated nonparty," because such

argument "would be asking the jury not to follow the law." (Def.'s Mot. in Limine, Doc. 44, p. 22). The Court **RESERVES** ruling.

### W. Any Reference to the Size or Financial Worth of Defendant

Defendant moves to exclude any evidence or comment regarding the size of Defendant, the number of locations it has, or any other argument meant to infer that Defendant has the financial means to satisfy any judgment. Plaintiff counters that Defendant's size may be relevant to other evidence presented during the course of the trial, such as the reason Defendant knew or should have known of the industry standards relating to the installation of e-stop devices on DFM500s. The Court **RESERVES** ruling.

### X. Any Argument and Evidence Regarding Defendant's Alleged Moral or Ethical Obligations

The parties consent to this motion. It is **SUSTAINED**.

### Y. Any Questions Seeking to Elicit Any Legal Conclusions from Witnesses

The parties consent to this motion. It is **SUSTAINED**.

### Z. Any Argument that Money is the Only Consequence

Defendant moves to exclude any argument by Plaintiff's counsel that money is the only consequence Defendant faces under the circumstances. Plaintiff's counsel explained during the pre-trial conference that he does not plan to state that "money is the only consequence of this trial"; rather, he plans to tell the jury that this is a civil case, and that "no one is going to jail" or that "no one is

going to lose their liberty" as a result of this lawsuit.  The comments Plaintiff's counsel plans to make are matters on which the Court will charge the jury, rendering such arguments unnecessary.  Defendant's motion is **SUSTAINED**.

**SO ORDERED** this 11th day of July, 2016.

>   *s/ Hugh Lawson*
>   **HUGH LAWSON, SENIOR JUDGE**

les